**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4012**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRANDALL ORTAIS INGRAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00332-NCT-1)

_____

Submitted:  September 28, 2021                 Decided:  September 30, 2021

_____

Before AGEE, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian M. Aus, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Crandall Ortais Ingram pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and was sentenced to 96 months' imprisonment. On appeal, Ingram, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), argues that the district court plainly erred by accepting his guilty plea because the criminal information did not adequately charge each element of the offense against him. We affirm.

To the extent Ingram seeks to challenge a defect in the criminal information to which he pleaded guilty, he has waived that argument. *See United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (internal quotation marks omitted)). To the extent Ingram challenges the validity of his guilty plea, and to the extent that challenge is not also waived, Ingram's argument lacks merit. *See United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (holding § 922(g) does not require Government to prove defendant knew he was prohibited from possessing firearms); *see also Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (holding that, to obtain relief based on *Rehaif* error, defendant must demonstrate that "there is a 'reasonable probability' that he would not have pled guilty" had district court "correctly advised him of the *mens rea* element of the offense").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*